NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TELEBRANDS CORP., <br><br> Plaintiff, <br><br> v. <br><br> ILLINOIS INDUSTRIAL TOOL, INC., <br><br> Defendant. | Civil Action No.: 17-3411 (JLL) <br><br> **OPINION & ORDER** |

IT APPEARING THAT:

1. Currently pending before the Court is a motion by the defendant, Illinois Industrial Tool, Inc. ("IIT"), to transfer this patent infringement action to the United States District Court for the Northern District of Illinois, among other alternative relief. *See* 28 U.S.C. § 1400(b) (concerning the proper venue for a federal patent infringement action); (ECF Nos. 11, 16). The plaintiff, Telebrands Corp. ("Telebrands"), opposes IIT's motion. (ECF No. 14).

2. The Court resolves IIT's motion upon a review of the papers and without oral argument pursuant to Rule 78.1(b) of the Federal Rules of Civil Procedure. For the following reasons, the Court grants the portion of the motion seeking a transfer of the action, and orders this action to be transferred to the Northern District of Illinois.

3. Telebrands, which is deemed to reside in New Jersey, owns certain patents ("the Patents at Issue") related to a "decorative lighting apparatus," and alleges that IIT is manufacturing and selling decorative lighting products that infringe the Patents in Issue. (ECF No. 1). Telebrands alleges that the District of New Jersey is a proper venue for this patent infringement action. (Id.).

4. However, a "civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Thus, pursuant to the provisions of Section 1400(b), a patent infringement action may be brought against an allegedly infringing defendant either: (a) where that defendant is deemed to reside, *e.g.*, its state of incorporation ("the First Clause"); or (b) where that defendant has (i) allegedly committed the acts of infringement and (ii) has a regular and established place of business ("the Second Clause"). *See generally TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514 (2017).

5. If the Second Clause is being relied upon, then an action is not in the proper venue unless both of its elements are satisfied, *i.e.*, the defendant allegedly committed infringing acts within the venue ("the Infringement Element"), and the defendant has a regular and established place of business within the venue ("the Regular and Established Element"). *Id.*

6. Telebrands concedes that IIT is deemed to reside within Illinois, and not within the District of New Jersey, and so the First Clause has no application here. (ECF No. 14 at 1 (Telebrands stating that it "does not dispute IIT's contention that it is an Illinois corporation")). Thus, the Court will not address the reach of the First Clause in its assessment of IIT's motion to transfer in this action. (See ECF No. 11 at 6 (IIT arguing that it does not reside within the District of New Jersey)).

7. Furthermore, the parties do not address the merits of the claims by Telebrands concerning the Infringement Element of the Second Clause at this juncture. (See generally ECF No. 11; ECF No. 14, ECF No. 16).

8. However, the parties do contest the reach of the Regular and Established Element of the Second Clause. IIT argues that it does not have a regular and established place of business within New Jersey, and that the District of New Jersey is an improper venue for this action as a result.

(See ECF No. 11 at 7). In support, IIT submits the sworn Declaration of its chief financial officer, who declares that: (a) IIT's primary offices and headquarters are in Illinois; (b) he works out of the Lockport, Illinois office; (c) IIT is a corporation, incorporated under the laws of the state of Illinois; (d) the majority of IIT's employees work in Illinois; (e) none of IIT's shareholders, employees, representatives, contractors, or facilities are located within New Jersey; and (f) IIT does not have a regular and established place of business in New Jersey. (ECF No. 11-2 at 1).

9. In response, Telebrands appears to concede that it possesses no evidence to demonstrate that the Regular and Established Element as to IIT is arguably satisfied in the District of New Jersey, and instead asks for expedited venue-related discovery so that Telebrands can establish the full extent of IIT's business presence in this District. (ECF No. 14 at 5-6). Indeed, Telebrands offers nothing more than its own venue allegations that are set forth in its Complaint in opposition. (See generally ECF No. 14).

10. The Court finds that IIT has demonstrated in the first instance, that it does not have a regular and established place of business within the District of New Jersey.

11. In response, Telebrands has not made a showing that the Regular and Established Element has been arguably met in order to prosecute its infringement claims against IIT in the District of New Jersey. Instead, Telebrands merely asks for discovery on the issue.

12. Such a request in response is insufficient to counter a motion made under Section 1400(b). *See Simpson Performance Prods., Inc. v. NecksGen, Inc.*, No. 16-153, 2017 WL 3616764, at *3 (W.D.N.C. Aug. 23, 2017) (transferring a patent infringement case to a different venue, because "allegations supporting the conclusion that Defendant conducts some business in [the original venue] by selling products in and shipping products to [the original venue] ... fall far short of permitting the inference" that the Regular and Established Element has been met); *Gillespie v.*

*Prestige Royal Liquors Corp.*, No. 16-2392, 2017 WL 3232462, at *5 (N.D. Cal. July 31, 2017) (transferring a patent infringement case, because a plaintiff's allegations concerning a defendant's acts of shipping products and directing advertising to the original venue were insufficient to demonstrate the Regular and Established Element); *OptoLum, Inc. v. Cree, Inc.*, No. 16-3828, 2017 WL 3130642, at *6 (D. Ariz. July 24, 2017) (rejecting the plaintiff's request to conduct venue discovery in opposition to a Section 1400(b) transfer motion, because the plaintiff's allegations concerning the defendant's acts of selling infringing products in stores and having a sales manager in the original venue were insufficient to raise an issue as to the Regular and Established Element); *LoganTree LP v. Garmin Int'l, Inc.*, No. 17-98, 2017 WL 2842870, at *2 (W.D. Tex. June 22, 2017) (granting the defendant relief under Section 1400(b), because the Regular and Established Element was not met by the plaintiff's allegations that the defendant: (a) was authorized to do business in the original venue, (b) had a website that listed distributors in the original venue, and (c) sold products to distributors in the original venue).

13. Perhaps such discovery might demonstrate that this Court would ordinarily have personal jurisdiction over IIT, but this will do nothing to counter IIT's unequivocal assertions that venue is improper here under Section 1400(b) due to its lack of a regular and established place of business within New Jersey. See *Proctor & Gamble Co. v. Ranir, LLC*, No. 17-185, 2017 WL 3537197, at *5 (S.D. Ohio Aug. 17, 2017) (rejecting a plaintiffs argument in opposition to a Section 1400(b) transfer motion that it be permitted to conduct limited discovery relating to the extent of a defendant's "connections" to the original venue, and finding that such discovery would go to the issue of personal jurisdiction, and "that is not the law"); *Percept Techs. v. Fove, Inc.*, No. 15-2837, 2017 WL 3427971, at *1 (D. Nev. Aug. 8.2017) (rejecting the plaintiff's arguments against a Section 1400(b) transfer that merely demonstrated that specific personal jurisdiction existed over

the defendant, particularly because the defendant declared that it had no offices, employees, or land in the original venue).

14. Therefore, this Court finds that venue of this patent infringement action properly does not lie within the District of New Jersey pursuant to Section 1400(b), and grants IIT's motion to transfer venue. Under Section 1400(b), this action properly belongs in the Northern District of Illinois. For these reasons,

**IT IS THEREFORE** on this _18th_ day of September, 2017, **ORDERED** that the defendant's motion to transfer this action pursuant to 28 U.S.C. § 1400(b) to the United States District Court for the Northern District of Illinois, among other alternative relief (ECF No. 11), is GRANTED IN PART AND DENIED IN PART as follows:

GRANTED TO THE EXTENT that the motion concerns the transfer of this action to the United States District Court for the Northern District of Illinois; and it is further

DENIED WITHOUT PREJUDICE TO THE EXTENT that the motion concerns other alternative relief; and it is further

**ORDERED** that the Clerk of the Court TRANSFER THIS ACTION to the United States District Court for the Northern District of Illinois; and it is further

**ORDERED** that the Clerk of the Court designate this action, insofar as it exists in the United States District Court for the District of New Jersey, as CLOSED.

JOSE L. LINARES
Chief Judge, United States District Court